Ed Kell v. The State.

No. 13314.    Delivered May 28, 1930.
Reported in 28 S. W. (2d) 799.

The opinion states the case.

*James E. Anderson,* of Amarillo, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for three years.

It was charged in the indictment that the sale was made to Elmer Baker and Paul Ware.   Appellant contends that the evidence is uncontradicted to the effect that the sale was made alone to Elmer Baker.   The court instructed the jury to acquit appellant if they had a reasonable doubt as to whether the sale was made jointly to Baker and Ware, as alleged in the indictment.

The sheriff had employed Elmer Baker to aid him in detecting violations of the liquor law.   Baker had advised the sheriff that Paul Ware would work with him.   It was agreed that the sheriff would pay the parties twenty-five dollars for each bill of indictment the grand jury returned.   In carrying on the work assigned to them, Baker and Ware went to a dance.   There Baker met appellant and, in the absence of Ware, had a conversation with him relative to buying some whiskey.   We quote the testimony of Baker as follows:

"I asked him about the liquor and he said: 'I haven't got it yet' and 'Just wait a minute and I will get it,' and a little while after that he came around and he said he had the liquor, and he and Paul Ware and myself went outside north of the dance hall, and I had paid him a five dollar bill the second time I talked to him, I believe it was, and when we got outside north of the house he gave me a pint

of liquor and also the two fifty in change. Paul Ware was with me at that time. I don't think he had been present at any of the other conversations I had with Ed Kell. I took a taste of it as soon as I got it and Paul Ware tasted of it, and I asked Ed Kell to have a drink and he took a drink. * * * Paul Ware was with me outside of the dance hall when the liquor was delivered; Paul Ware was with me when the money was turned over to Ed Kell. I said he was out there with me when the liquor was delivered. That was my money at that time, but later it was refunded to me by the sheriff. The sheriff was furnishing me and Paul Ware money to buy liquor with."

Paul Ware testified in part as follows:

"I was introduced to Ed Kell and talked around there for a while and asked him about getting some whiskey. He said he didn't have any right then, but would probably get some later. He got some whiskey later. Elmer Baker was present when it was delivered. Elmer paid him the money. Elmer and I were working together. We got a pint of whiskey. We paid two fifty for it."

It appears from the testimony of Ware that Baker was not present when he (the witness) asked appellant to sell him some whiskey, but that the witness and Baker were together when appellant delivered the whiskey. We quote further from the testimony of the witness as follows:

"He (appellant) said he had to have the money we was paying him for it. As to whether I gave him the money then, Elmer gave it to him. As to whether two fifty was what he gave to him, he got some change back—I don't know just how much he gave him. Elmer Baker and I were present when Elmer gave him the money. We were together at that time. That wasn't so very long before Ed. brought the whiskey to us. We were at the north end of the dance hall when he handed the whiskey to us, outside of the building."

Considering the testimony in its entirety, the opinion is expressed that the jury was warranted in concluding that the sale was made jointly to the purchasers named in the indictment.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.